UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERNON CASTLE BROWN, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 1:24-cv-00731 (UNA) |
| COALING A HOSP'T D.H.S., | ) ) ) ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its review of petitioner's petition for writ of habeas corpus ("Pet.") pursuant to 28 U.S.C. § 2255, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application and, for the reasons discussed below, this case will be dismissed without prejudice.

Petitioner is a California state inmate who is currently civilly committed, and designated to Coalinga State Hospital, located in Folsom, CA. *See* Pet. at 1–2. He has filed suit against his current custodian, *see id*. at 1, and he appears to challenge a conviction and sentence entered by the Los Angeles County Superior Court in June 2001, *see id*. at 2. Beyond that, the petition is left largely blank; indeed, it is entirely unclear what about petitioner's conviction and sentence is being challenged, or what relief he seeks.

First, Rule 8(a) of the Federal Rules of Civil Procedure requires initiating pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being

asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, petitioner has fallen well short of providing the respondent or the court with sufficient notice of his intended claims.

Second, as far as it can be understood, petitioner is relying on the wrong federal statute. Because petitioner has been convicted and sentenced in a state court, 28 U.S.C. § 2254 is the appropriate vehicle by which to wage his habeas challenge, *see id.* § 2254(a). And federal court review of a state conviction is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Consequently, to the extent that a federal remedy is available to petitioner, he must file his petition with the United States District Court for the Central District of California, a fact which he seems to concede because he indicates that he has filed a case that is currently active and pending there, *see* Pet. at 6.

For all of these reasons, the petition, and this case, are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 29, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge